

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

This Opinion
Affirms Opinion

#........*O.-.S.*.........*

January 27, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. H- 507

Re: Whether the Legislature
has the authority to limit the
amount available to the State
Board of Education for use in
providing free text books for
public school students.

Dear Commissioner Brockette:

Your opinion request poses the question of whether the Legislature
is authorized to limit the amount of funds that the State Board of Education
can set aside out of the Available School Fund for use in providing free
text books for public school students. Texas Constitution, article 7,
section 3 creates the Available School Fund and provides:

> . . . it shall be the duty of the State Board of
> Education to set aside a sufficient amount out of the
> said tax to provide free text books for the use of
> children attending the public free schools of this
> State; provided, however, that should the limit of
> taxation herein named be insufficient the deficit
> may be met by appropriation from the general
> funds of the State . . . .

The procedure to be followed by the State Board in executing their duty is
more clearly defined in section 12.02(d) and (e) of the Education Code:

> (d) The transfer of funds set apart to the text-
> book fund shall be determined by the State Board of
> Education on the basis of a report of the commissioner

of education submitted on July 1 of each year, stating:

(1) the amount of the textbook fund which is then unexpended; and

(2) his estimate as to the funds necessary for the purchase and distribution and other necessary expenses of textbooks for the school session of the following year.

(e) On the basis of the information furnished, the state board shall have the power to set apart from the available school fund the estimated amount needed with 25 percent additional, this additional sum to be used to meet emergencies or necessities caused by unusual increase in scholastic attendance or by unusual and unforeseen expenses and school conditions.

In appropriation acts other than the current one the Legislature has usually included in the State Board of Education's appropriations for each fiscal year an estimated amount to be used by the Board in providing free text books. Since the amount appropriated has been estimated and not limited to a certain sum, the Board has been able to set aside for expenditure on text books an amount in excess of that estimated in the appropriations act without question from the Comptroller. The Comptroller would honor all claims against the State Textbook Fund up to the amount actually set aside by the Board.

But in the current appropriations act a new approach was taken. Rather than appropriate an estimated amount for use by the State Board in providing free text books, the Legislature allocated an exact sum to be used for this purpose:

28. Other State Fund Allocations:
a. Available School Fund, estimated  $330,358,000  $343,571,000
b. State Textbook Fund (excluding cost of Agency Administration above)                             26,119,862    20,268,006

|   |   |   |
|---|---|---|
| c. General Revenue Fund School Program | 3,888,000 | 4,320,000 |
| d. General Revenue Fund Supplemental Salary Aid | 5,587,000 | |

> For the purposes provided by law there is appropriated
> for the biennium ending August 31, 1975, to the State Board
> of Education, all income to and balances in the Available
> School Fund and the State Textbook Fund, except as other
> wise appropriated by this Legislature, to be expended
> and distributed in accordance with the laws of this State.

Acts 1973, 63rd Leg., R.S., ch. 659, p. 2070.

There can be no doubt that the Legislature's failure to appropriate an
estimated amount for text books was intentional because in the Conference
Committee Report accompanying the appropriations act it is stated that
the word "estimated" was deleted from the appropriation for text books
in order to limit the amount of money available for expenditure on text
books to a certain sum.  Acts 1973, 63rd Leg., R.S., Conference
Committee Report on House Bill 193, p. 2301.

Because of this new approach, the Comproller had indicated that
he would refuse to honor any bill payable from the State Textbook Fund
if payment of the bill would cause expenditures to exceed the amount
allocated in the appropriations act.  The Comptroller had taken this
position even though the State Board had determined that the amount of
funds allocated by the Legislature was insufficient, had estimated that a
greater amount is necesary, and had entered into contracts on the basis
of its own estimates.  Your question, then, is whether the Legislature
has the authority to limit the amount of the Available School Fund that
can be expended on text books in a particular fiscal year to a certain
sum or whether instead the State Board of Education is the final authority
as to what amount will be spent.

This very question was considered in Attorney General Opinion
O-561 (1939) which was written by the Honorable James P. Hart. After

an extremely thorough and well-researched examination of the history
and operation of article 7, section 3 of the Texas Constitution, the
opinion concluded:

> With these general principles in mind, we believe
> that it must be concluded that it was not the intention
> of Article 7, Section 3, as amended, to remove control
> over the expenditure of the textbook fund from the Legis-
> lature, and to place it in the hands of the State Board
> of Education.   Under Section 8 of Article 7 of the Consti-
> tution, as it was amended in 1928, and under the statutes
> passed by the Legislature in pursuance of said amendment,
> the Board of Education is an administrative Board. . . .
> It would be radical departure from recognized principles
> of our form of government to place control over
> a large amount of public funds in the hands of such
> an  administrative board, free from all control by
> the Legislature, and it would further be in direct
> conflict with the provisions of Article 3, Section 44,
> and Article 8, Section 6 of the Constitution, quoted above.
>
> . . . .
>
> In view of all of the considerations discussed above,
> it is our opinion that the Legislature retains control
> over the expenditure of the Textbook Fund. . . .
> Attorney General Opinion O-561 at 17, 18, 21.

In our opinion the conclusion reached in O-561 is sound and should not now
be altered.   Therefore our answer to your question must be in the affirmative.
The Legislature does have the authority to limit the amount of funds that
the State Board of Education can set aside out of the Available School Fund
for use in providing free text books for public school students.   Since for the
fiscal year ending August 31, 1975 the Legislature appropriated only
$20, 268, 006 for use in providing free text books, no more than that amount
can be spent by the State Board of Education.

## SUMMARY

The Legislature has the authority to limit the amount of funds that the State Board of Education can set aside out of the Available School Fund for use in providing free text books for public school students.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg